*Cite as:* **79** *Opinions of the Attorney General* **438 (1994)**

## STATE'S ATTORNEYS

**TERM OF OFFICE ) TERM OF SUCCESSOR STATE'S ATTORNEY BEGINS ON DAY AFTER LEGAL HOLIDAY ) PREDECESSOR HOLDS OVER**

December 12, 1994

*Jack B. Johnson, Esq.*
*Deputy State's Attorney*
*for Prince George's County*

You have requested an opinion concerning the date on which the State's Attorney for Prince George's County is to be sworn in. Specifically, you ask whether the State's Attorney should be sworn in on Tuesday, January 3, 1995, rather than the first Monday in January, which will be a legal holiday. For the reasons given below, we conclude that the State's Attorney should take office on Tuesday, January 3, 1995.

## I

### Discussion

Article V, § 7 of the Maryland Constitution provides a specific day on which an elected State's Attorney begins a new term of office ) namely, "the first Monday in January" after the election:

> There shall be an Attorney for the State in each county and the City of Baltimore, to be styled "The State's Attorney", who shall be elected by the voters thereof, respectively, and shall hold his office for four years from the first Monday in January next ensuing the election, and until his successor shall be elected and qualified.

The New Year's holiday creates a slight complication, however. Article 1,§27(a)(1) of the Maryland Code provides that January 1, New Year's Day, is a "legal holiday" to be observed on that day. If January 1 falls on a Sunday, however, the holiday is observed "on the next Monday after that date." Article 1, §27(b)(2). Because January 1, 1995, falls on

a Sunday, the State will observe New Year's Day as a legal holiday on Monday, January 2, 1995.

The Constitution does not specify an alternative date for the start of a State's Attorney term in the event that the first Monday of January is a legal holiday. This vacuum may be filled, however, by a well-settled principle: events required to take place on a day that is designated by statute as a legal holiday are to occur on the next business day instead. *See* 74 Am. Jur. 2d *Time* §20 (1974). This general principle is reflected in both a statute and a court rule. Under Article 94, §2 of the Code, the last day of a statutorily prescribed time period is counted unless that day is "a Sunday or legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday." Similarly, under Maryland Rule 1-203(a), if the last day for performance of an act falls on a legal holiday, the performance of the act is postponed until the next day that is not a legal holiday. *See State v. Dixon,* 302 Md. 447, 450 n.1, 488 A.2d 962 (1985); *Sieck v. Sieck*, 66 Md. App. 37, 44, 502 A.2d 528 (1986). *See generally* Paul V. Niemeyer and Linda M. Schuett, *Maryland Rules Commentary* 17 (2d ed. 1992).[1] We have no doubt that the courts would apply the same principle to a single specified day.

Article V, § 7, while not specifying that the newly elected State's Attorney may be sworn in on the next business day, does provide that the incumbent State's Attorney holds office "until his successor shall be elected and qualified."[2] This provision reflects the common law rule. The Court of Appeals has held that a State officer elected or appointed for a definite term holds over after the expiration of the term until the successor is appointed or elected and qualifies. *Thomas v. Owens*, 4 Md. 189, 211 (1853). *See also Robb v. Carter*, 65 Md. 321, 334 (1886). More recently, discussing whether an incumbent judge defeated in the primary election could remain in office until his successor took the oath, Attorney General Sachs concluded that the judge could continue to hold office until his successor was elected and qualified by taking the requisite oath of office. 67 *Opinions of the Attorney General* 241, 243 (1982). *See generally* 81A C.J.S *States* §92(b) (1977); 63A Am. Jur. 2d *Public Officers and Employees* §146 (1984).

---

[1] The rule is different for computing time before a day, act, or event. Then, if the latest day for performance of an act falls on a legal holiday, performance must occur on the first preceding day that is not a legal holiday. Rule 1-203(b).

[2] Every person elected or appointed pursuant to the Constitution must take the oath of office prescribed in Article I, §9. *See* 71 *Opinions of the Attorney General* 334, 335-36 (1986). An officer elected or appointed pursuant to the Constitution qualifies by taking the applicable oath of office. Article I, §10.

Accordingly, State's Attorneys will begin their terms on Tuesday, January 3, 1995. Incumbent State's Attorneys hold office until their successors take the oath of office.[3]

## II

### Conclusion

In summary, it is our opinion that the State's Attorney for Prince George's County should be sworn in on Tuesday, January 3, 1995.

J. Joseph Curran, Jr.
*Attorney General*

Kimberly Smith Ward
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*

---

[3] In a 1983 opinion, the Mississippi Attorney General opined that when the first Monday in January next succeeding an election was a legal holiday, newly elected county officials were required to be sworn in on Saturday, December 31, 1983, rather than Tuesday, January 3, 1984. This opinion is not inconsistent with ours, however, because a Mississippi statute provided that elected or appointed officials were required to qualify on or *before* the day of the commencement of the term of office. *See* 1983 WL 179359. There is no comparable Maryland statute.